```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
EDWARD ABREU,                            :
                                         :
                        Petitioner,      :     20cr52 (DLC)
                                         :     21cv10122 (DLC)
              -v-                        :
                                         :     MEMORANDUM OPINION
UNITED STATES OF AMERICA,                :         AND ORDER
                                         :
                        Respondent.      :
                                         :
---------------------------------------- X
```

APPEARANCES:

For petitioner:
Edward Abreu pro se

DENISE COTE, District Judge:

On November 22, 2021,[1] Edward Abreu, proceeding pro se, filed a petition for a writ of habeas corpus pursuant to Title 28, United States Code, Section 2255. For the following reasons, the petition is denied.

## Background

On March 5, 2020, Abreu was indicted on a single count of participating in a conspiracy to distribute five kilograms or more of cocaine and 280 grams or more of cocaine base, otherwise known as crack. That charge carried a mandatory minimum term of

---

[1] The petition was received by the Clerk of Court on November 29, but it was mailed on November 22.

imprisonment of ten years pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 846, among other penalties.

Pursuant to a plea agreement ("Agreement") with the Government, Abreu entered a plea of guilty on April 14, 2021 to a lesser included offense. That lesser included offense was to drug distribution conspiracy in violation of 21 U.S.C. § 841(b)(1)(B) and carried a mandatory minimum term of imprisonment of five years, among other penalties. In the Agreement, the parties stipulated that the offense level was 29 and that Abreu's criminal history category was II, resulting in a Sentencing Guidelines range of 97 to 121 months' imprisonment. Abreu agreed not to appeal or challenge any sentence of incarceration that did not exceed 121 months' imprisonment.

In his allocution, which was given under oath, Abreu confirmed that he had read the Agreement with care, that he had discussed it with his attorney, that he had authorized his attorney to sign the Agreement on his behalf, and that he believed he had a good understanding of the Agreement's terms. Abreu acknowledged that he had conspired with others to sell 500 grams or more of cocaine in February of 2020 in both the Bronx and Manhattan. Among other things, he had texted and telephoned others to facilitate sales of cocaine. He also acknowledged

that he expected to make money from his role in the conspiracy and that he knew at the time that his conduct violated the law.

Abreu was sentenced on July 30. The Presentence Report recommended a sentence of 97 months' imprisonment and the defendant requested a sentence of 78 months' imprisonment. When he spoke, Abreu apologized for his conduct and asserted that he took 100% responsibility for his actions. He stated that he knew he had harmed his community and that "whatever the sentence you give me, I bought that." Abreu was sentenced principally to 120 months' imprisonment.

At the end of the sentencing proceeding, the Court advised Abreu of his right to appeal, noting that he could apply for leave to appeal in forma pauperis and that any notice of appeal must be filed within 14 days. Abreu did not file an appeal.

## Discussion

In his petition, Abreu complains that his counsel, whom he had retained to represent him, provided ineffective assistance of counsel in two ways. First, he contends that his counsel was ineffective for advising him that he could not appeal his conviction. Second, he argues that his counsel was ineffective because his attorneys did not challenge this Court's jurisdiction in this case involving a violation of federal drug laws in New York. In order to secure habeas corpus relief based

3

on a claim of ineffective assistance of counsel, Abreu must "'show that his counsel's representation fell below an objective standard of reasonableness,' and that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" United States v. Freeman, 17 F.4th 255, 265-66 (2d Cir. 2021) (quoting Strickland v. Washington, 466 U.S. 668, 688, 697 (1984)). Under this standard, neither basis cited by Abreu forms a meritorious ineffective assistance of counsel claim.

Abreu complains that his attorneys were ineffective because they advised him that he could not file an appeal. It is well established that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable" that can give rise to an ineffective assistance of counsel claim. Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). But this rule applies only when a defendant expressly requests that an appeal be filed, and his attorney fails to oblige. There is no constitutional duty even to consult with a defendant regarding an appeal in every case. While it is "better practice" for an attorney to consult with her client regarding the possibility of an appeal, it is not constitutionally required. Id. at 479. Where a court has given a defendant "clear and informative instructions" on his right to

appeal and there are no nonfrivolous grounds for appeal, it would "be difficult" to find that counsel had acted unreasonably in not consulting regarding an appeal. Id. at 479-80. Whether a conviction follows a plea of guilty, and the sentence was the one the defendant bargained for and for which he waived the right to appeal, is "highly relevant" when there is a claim of ineffective assistance of counsel based on a failure to consult regarding an appeal. Id. at 480.

Thus, an ineffective assistance of counsel claim will not lie when a defendant fails to request an appeal and then subsequently claims in habeas corpus proceedings that he did not request an appeal but wanted an appeal to be filed or intended that an appeal be filed. United States v. Moreno-Rivera, 472 F.3d 49, 52 (2d Cir. 2006). "In order to show that appellate counsel was constitutionally deficient in not filing an appeal, the petitioner must demonstrate that he asked to have an appeal filed." Id. (citation omitted).

Here, Abreu has not made the requisite demonstration that his attorneys failed to comply with his request that they file an appeal. In his submission, Abreu does not state that he ever made an explicit request that his counsel file an appeal. Instead, he claims that his counsel told him "that he had no appeal rights" and that he "was advised [he] could not appeal by

counsel." At sentencing, the Court advised Abreu that he had a right to appeal. He cannot plausibly claim in this petition that he lacked knowledge of his rights. If he wished to appeal, he had to request that his attorneys file an appeal even if they informed him that, in their professional judgment, success on appeal was unlikely. Abreu does not claim that he explicitly requested an appeal from his counsel and his counsel defied his express instruction to appeal, so he has not shown that his counsel was deficient. His post hoc regret that he did not exercise his appellate rights cannot serve as the basis for an ineffective assistance of counsel claim.

In any event, even if Abreu's attorneys were ineffective because they provided him with incorrect information regarding his ability to appeal his conviction, Abreu has not shown that he was prejudiced because of his attorneys' actions. Abreu complains that federal courts lack jurisdiction over his criminal conduct in New York State and that his attorneys failed to make that objection to his prosecution and conviction in federal court. In making this point he argues that his attorneys failed to introduce evidence of his factual innocence of a federal drug crime "within ten square miles of any place purchased by the consent of the legislature of the State or within the District of Columbia where the Government has the

6

power to regulate and govern." He contends as well that the attorneys failed to investigate his "removal" to federal custody from New York State custody.

This second argument also lacks merit. Congress has the authority to proscribe the distribution of controlled substances; the United States Attorney's Office has the authority to prosecute violations of federal drug laws; and federal courts have jurisdiction over prosecutions for violation of federal criminal laws. Cf. Gonzales v. Raich, 545 U.S. 1 (2005) (rejecting a challenge to the federal Controlled Substances Act as exceeding Congressional power). Because well-established law forecloses Abreu's arguments that Congress lacked the power to criminalize his conduct and that this Court lacked jurisdiction over the indictment charging him with a violation of federal drug laws in the Southern District of New York, Abreu would not have succeeded in any appeal on these grounds. Abreu has thus shown neither a deficiency in his counsel's conduct related to these alleged jurisdictional issues nor prejudice resulting from the allegedly deficient performance.

## Conclusion

Abreu's November 22, 2021 petition for a writ of habeas corpus is denied. The petitioner has not made a substantial

showing of a denial of a federal right and, therefore, a certificate of appealability shall not be granted. Hoffler v. Bezio, 726 F.3d 144, 154 (2d Cir. 2013); Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998); Rodriquez v. Scully, 905 F.2d 24, 24 (2d Cir. 1990). Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Opinion and Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445 (1962). The Clerk of Court shall close the case.

Dated: New York, New York
December 13, 2021

_____
DENISE COTE
United States District Judge

Copies Mailed By Chambers To:
Edward Abreu, 76416-054
FCI Fort Dix
P.O. Box 2000
Joint Base MDL, NJ 08640